# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 50131 | **DATE** | 3/18/2002 |
| **CASE TITLE** | Billups vs. Carter, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Defendants' motion for summary judgment

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]   For the reasons stated on the reverse Memorandum Opinion and Order, defendants' motion for summary judgment is granted in part and denied in part. Lamark Carter is hereby dismissed as a defendant. Plaintiff may proceed only on his excessive force claim against the remaining defendants, Michael Yuswak and Robert Hayes. Counsel for all parties are ordered to schedule a settlement conference with the Magistrate Judge within the next thirty days.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| X | Notices mailed by judge's staff. | | MAR 18 2002 | 33 |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 3-18-02 | |
| /LC | | courtroom deputy's initials | date mailed notice | |
| | | | Date/time received in central Clerk's Office | mailing deputy initials |

# MEMORANDUM OPINION AND ORDER

Plaintiff, Bishop Roosevelt Billups, Jr., has filed a first-amended complaint against defendants, Lamark Carter, Michael Yuswak, and Robert Hayes, all sued in their individual capacities as the warden at Dixon Correctional Center ("Dixon"), a correctional lieutenant at Dixon, and a correctional officer at Dixon, respectively. Billups alleges a claim against these defendants under 42 U.S.C. § 1983 for violations of his Eighth Amendment right to be free from cruel and unusual punishment while an inmate at Dixon. Jurisdiction and venue are proper based on 28 U.S.C. §§ 1331, 1391(b). Before the court is defendants' motion for summary judgment, filed pursuant to Federal Rule of Civil Procedure 56.

Billups proceeds under two theories, the first being that Yuswak and Hayes used excessive force to restrain him on April 3, 1997. Billups described the events of that day as follows in his deposition. He was on his way to the day room of Unit 29 at Dixon, to eat some "fried chicken, spaghetti and a lot of other good stuff, potato salad and pop," when a corrections officer (not named as a defendant in this suit) demanded he surrender the food. The officer apparently believed Billups had obtained the food by "trading and trafficking" – a violation of Dixon's rules. When Billups refused, the officer demanded Billups produce his identification. Billups ignored the officer and continued walking to the day room. After sitting down at a table in the day room, four other officers approached Billups, including Yuswak and Hayes. At one point, after being told he was being taken to segregation, Billups says he pushed the plate of food across the table in Hayes' general direction and onto the floor. Some of the food got on Hayes, although that was not Billups' intent. Hayes then lunged across the table and struck Billups in the face. He repeatedly punched Billups again several times as the other officers tried to restrain him (Billups). All the while, Billups said he voluntarily put his hands behind his back so he could be handcuffed and did not resist by swinging his arms or trying to get away. As they escorted Billups to the segregation unit, he says he was walked intentionally into a glass door. It is undisputed Billups ended up with a fractured cheekbone, along with various cuts and bruises, as a result of this incident. Hayes and Yuswak naturally dispute Billups' version of events leading up to his injuries. They testified in their depositions that Billups flung the plate of food at Hayes, disobeyed at least seven direct orders during this entire incident (a fact Billups does not actually contest), and physically resisted their efforts to take him to segregation. They also denied Hayes ever punched or hit Billups. Given these conflicting accounts, the court finds summary judgment is improper on the excessive force claim. See, e.g., Miller v. Smith, 220 F.3d 491, 495 (7th Cir. 2000) (questions of fact precluded summary judgment on claim that one officer beat and kicked plaintiff while second officer stood idly by without intervening); Dorsey v. St. Joseph County Jail Officials, 98 F.3d 1527, 1529-30 (7th Cir. 1996) (questions of fact precluded summary judgment on excessive force claim). For the same reason, the court denies these defendants' rather perfunctory assertion of qualified immunity.

Billups' second theory – that all three defendants were deliberately indifferent to his injuries caused by the incident in the day room – does not fare as well. As for Yuswak and Hayes, even assuming these two knew of Billups' injuries, Billups admits he received medical attention immediately upon arriving at segregation by a medical technician or nurse. He complains the technician or nurse refused his requests to see a doctor, have x-rays taken, and be given more pain medication, and that he was left to suffer in segregation for another two weeks without further medical care. But while this may support a claim against the technician or nurse, it proves nothing about Yuswak and Hayes. At that point, these two were out of the picture and Billups has introduced no evidence from which to infer they had anything to do with delaying or withholding further treatment from him. The same is also true of Warden Carter. Billups testified Carter visited him when he was in segregation and asked him about what happened out of concern for him. He also stated Carter "took it upon hisself, seeing that I needed medical treatment, to get me over to see a doctor." (LR 56.1(a) ¶ 16; Def. Exh., Billups dep., p. 68) Thus, far from being "deliberately indifferent," Billups himself credits Carter with ordering additional medical care for him. In short, Billups has not come close to introducing evidence that *these* defendants were "subjectively aware" of Billups' serious medical needs *and* consciously disregarded them nonetheless by intentionally interfering with treatment once prescribed or failing to provide prompt treatment. See Wynn v. Southward, 251 F.3d 588, 593 (7th Cir. 2001); Chapman v. Keltner, 241 F.3d 842, 845-46 (7th Cir. 2001). With this being the only claim brought against Carter, the court dismisses him as a defendant.

For the reasons stated above, defendants' motion for summary judgment is granted in part and denied in part. Billups may proceed only on his excessive force claim; his deliberate indifference claim is hereby dismissed and Carter is dismissed as a defendant.